IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STARHOME GMBH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AT&T MOBILITY LLC, ROAMWARE, )<br>INC. and T-MOBILE USA, INC., )<br>)<br>Defendants. ) | C.A. No. 10-434 (GMS) |

## NOTICE OF SUBPOENA *DUCES TECUM* OF COMVERSE TECHNOLOGY, INC.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45 and as set forth on the Subpoena attached as Exhibit 1, Defendants Roamware, Inc., AT&T Mobility LLC and T-Mobile USA, Inc. request that Comverse Technology, Inc. produce the documents and/or things described on the attached Subpoena at the date and time listed therein.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Josh A. Krevitt
Kevin Cherry
R. Scott Roe
Karen Grus
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

July 1, 2011

# EXHIBIT 1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Starhome GmbH | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 10-434 (GMS) |
| AT&T Mobility LLC, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comverse Technology Inc., 810 7th Avenue, New York, New York 10019

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166-0193 (or as otherwise agreed) | Date and Time:<br><br>07/29/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/01/2011

CLERK OF COURT

OR  *[signature]*

_____       _____
 *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Roamware, Inc., AT&T Mobility LLC, and T-Mobile USA, Inc._____, who issues or requests this subpoena, are:
Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899
jblumenfeld@mnat.com; (302) 658-9200

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10-434 (GMS)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 1:10-cv-00434-GMS Document 39 Filed 07/01/11 Page 5 of 15 PageID #: 188

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

## DEFINITIONS

1. "You" or "Comverse" shall mean Comverse Technology, Inc. and all of its officers, directors, employees, representatives, consultants, agents, employees, attorneys, accountants, or any other person or entity acting on its behalf, or any person or entity that served in any such roles at any time, as well as corporate parents, subsidiaries (including, but not limited to, Comverse Ltd.), affiliates, divisions, predecessor or successor companies or proprietorships, and any joint venture to which Comverse Technology, Inc. is a party.

2. "Comverse Ltd." shall mean Comverse Ltd. and all of its officers, directors, employees, representatives, consultants, agents, employees, attorneys, accountants, or any other person or entity acting on its behalf, or any person or entity that served in any such roles at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor or successor companies or proprietorships, and any joint venture to which Comverse Ltd. is a party.

3. "Starhome" or "Plaintiff" shall mean Plaintiff Starhome GmbH and all of its officers, directors, employees, representatives, consultants, agents, employees, attorneys, accountants, or any other person or entity acting on its behalf, or any person or entity that served in any such roles at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor or successor companies or proprietorships, and any joint venture to which Starhome is a party.

4. As used herein, the term "the '487 patent" shall mean U.S. Patent No. 6,920,487 and any related US patent application, including US application no. 09/739,881 and US provisional application no 60/171,476.

5. As used herein, the term "the '431 patent" shall mean U.S. Patent No. 7,231,431 and any related US patent application, including US application nos. 11/097,189 and 09/739,881 and US provisional application no 60/171,476.

6. The phrase "patents-in-suit" shall mean the '487 patent and the '431 patent, collectively and individually.

7. The term "USPTO" shall mean the United States Patent and Trademark Office.

8. The terms "Named Inventor" or "Named Inventors" means the persons Carmel Sofer, Shlomo Wolfman and Ory Biran, collectively and individually, named as inventors on the patents-in-suit.

9. The term "Prior Art" shall mean any document, including patents, applications, publications, public use, sale or offer to sell used in the broadest sense with reference to 35 U.S.C. § 102 that refers or relates to the subject matter of the patents-in-suit or patents or applications related to the patents-in-suit.

10. The phrase "this Litigation" shall mean the above-captioned action, *Starhome GmbH v. AT&T Mobility LLC et. al.*, Civil Action No. 1:10-cv-00434-GMS, filed in the United States District Court for the District of Delaware.

11. The term "document" means any document, electronically stored information, or tangible thing within the context of Fed. R. Civ. P. 34, as used in the broadest sense permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence, within the possession, custody or control of Plaintiff or any of its officers, directors, employees, attorneys, or other agents and/or representatives. The term includes the original (or any duplicate when originals are not available) and any drafts or non-identical copies whether different from

3

the original because of interlineations, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, newspaper clipping, magazine, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, schedule, meeting invitation, transcript, study, compilation, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype, email, facsimile, or other message, telegram, expense voucher, instruction, bulletin, any handwritten, printed, typed, recorded, or otherwise stored information, and any graph, chart, photograph, computer disk, hard drive, memory card, flash drive, CD, DVD, or other magnetic, optical, electronic media, or other computer-readable media, sound recording, model, prototype, mock-up, blueprint, electronic or mechanical recording of any oral material, or any other writing or recording of information, however produced, transmitted, recorded, stored, maintained, or reproduced, within the possession, custody or control of Plaintiff or any of its officers, directors, employees, attorneys, or other agents and/or representatives. Each non-identical document is a separate document. For example, non-identical documents include a draft document that has been prepared in several copies which are not identical. Non-identical documents also include original identical copies that are no longer identical by reason of subsequent notation.

12. The term "communication" shall include, without limitation, any written or oral communication, including any conversation in person, by telephone, by email, by facsimile, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such

persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

13. The term "person" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

14. The term "interest," when used with respect to the patent-in-suit, shall include all conceivable types of interests in a patent that an individual or entity may possess, including, but not limited to, an ownership interest, a pecuniary interest, a security interest, and/or a license.

15. The term "license" shall mean any right conveyed, regardless of the term used and regardless of whether such right is conveyed individually or as part of a collection of rights, including licenses to, sublicenses to, interests in, rights in, and releases or covenants not to sue over the subject matter of the patents-in-suit or patents or applications related to the patents-in-suit, as well as offers and requests to grant such license; "to license" shall mean to grant such a license, sublicense, interest, right, or covenant not to sue.

16. The terms "relating to," "related to," "relate to," "pertaining to," or "pertains to" a given subject shall mean directly or indirectly concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating a given subject matter.

17. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive.

18. The terms "any" and "each" shall be construed to include and encompass "all."

19. The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

20. The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

21. The use of the singular shall also include the plural, and vice-versa.

22. The use of the term "the" shall not be construed as limiting the scope of any interrogatory.

23. The definitions used are chosen for convenience of the parties and should not be construed as admissions.

## INSTRUCTIONS

1. You are to search all documents within your possession, custody, or control, wherever located, including but not limited to any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at his/her residence or place of business), in order to fully respond to the requests herein.

2. Please produce the requested documents as they are kept in the ordinary course of business.

3. You are to produce documents from any single file in the same order as they were found in such file, including any labels, files, folders, and/or containers in which such documents are located in or associated with. If copies are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

4.  If you do not produce each document or thing requested herein as they are kept in the usual course of business, you must organize and label the documents or things produced to correspond with the particular document request to which the document or thing is responsive.

5.  Please produce the originals of any document requested and all copies thereof if any copy is other than identical to the original.

6.  If any document responsive to any of these requests is withheld via the assertion of any privilege or immunity from production, please submit a schedule at the time of the production setting forth for each document withheld, the following information:

> 1.  The type of document (e.g., letter, memorandum, account statements, etc.);
>
> 2.  The date the document was prepared, and the date of any meeting or conversation reflected or referred to in the document;
>
> 3.  The name of each author, co-author or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document;
>
> 4.  If the document reflects or refers to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation;
>
> 5.  The subject matter of the information contained in the document;
>
> 6.  The nature of the privilege or immunity asserted; and
>
> 7.  A brief explanation of why the document is believed to be privileged or immune from production.
>
> 8.  To the extent you believe that electronically stored information must be searched and/or produced in response to any request, please provide the information requested by Rules 34(b)(2)(D)-(E) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents relating to any of the patents-in-suit, including any documents related to the making of any invention described in the patents-in-suit, including without limitation:

    a)    all documents relating to any conception or reduction to practice of any invention described in the patents-in-suit, including any invention disclosure statements, notebooks, entries, sketches, drawings, memoranda, notes, specifications, or reports;

    b)    all documents relating to any diligence in reducing any invention described in the patents-in-suit to practice, either constructively or actually;

    c)    the complete file histories, prosecution files, and all documents that provide any part of the basis for the preparation of any patent application relating to the patents-in-suit;

    d)    all documents related to any communication with the USPTO concerning any of the patents-in-suit;

    e)    all communications between You, Comverse Ltd., Plaintiff, or any Named Inventor, on the one hand, and any patent attorney or agent, on the other hand, relating to the patents-in-suit.

### REQUEST FOR PRODUCTION NO. 2:

All documents that refer or relate to any ownership of rights or interest in the patents-in-suit, including any assignment, transfer, license, contract or offers thereof; all documents relating to any negotiation, acquisition, or transfer of such rights or interest; and all documents relating to any dispute concerning ownership or rights in or to any of the patents-in-suit.

### REQUEST FOR PRODUCTION NO. 3:

All documents and communications relating to Plaintiff's IntelliGate platforms or any product, method or service, or prototype thereof that practices the subject matter of the patents-in-suit, including, its design, research and development, manufacturing, assembly, operation, testing, function, marketing, advertising, sales or offers to sell.

**REQUEST FOR PRODUCTION NO. 4:**

All prior art relevant to the subject matter of the patents-in-suit, including any document identified by anyone as prior art to any of the patents-in-suit or patents and applications related to the patents-in-suit.

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to any making, using, selling, offer to sell, or description, in writing or oral, before December 20, 2000, of any invention described in, the patents-in-suit, including, but not limited to, any products the same as or similar to Plaintiff's IntelliGate platforms.

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to any customary or industry royalties for technologies that are analogous or comparable to the inventions described in the patents-in-suit, including any licenses applying such royalty.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to the following patents or patent applications, including the complete file histories, prosecution files, all documents that provide any part of the basis for the preparation of any patent application relating to the below patents and patent applications, any prior art cited during prosecution of the below patents and patent applications, and all documents related to any communication with the USPTO, or any foreign governmental or administrative agency (including with any foreign patent office) relating to the below patents and patent applications:

    a)    EP 1241902

    b)    EP 1594324

    c)    EP 1080590

    d)    US 7,184,764

    e)    US 7,356,337

    f)    US 7,333,808

    g)    US 6,975,852

    h)    WO 99/57914

    i)    WO 00/56085

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to the valuation of any of the patents-in-suit whether for licensing, tax accounting, litigation, or any other purpose.

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to any Comverse or Starhome profit or loss relating to Starhome's IntelliGate platforms or any product, method or service, or prototype thereof that practices the subject matter of the patents-in-suit.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to this Litigation.

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2011, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Richard Herrmann, Esquire<br>Mary B. Matterer, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue – Suite 1500<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL*<br>*AND HAND DELIVERY* |
| Erin Wiggins, Esquire<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)