IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STARHOME GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-434 (GMS) |
| | ) | |
| AT&T MOBILITY LLC, ROAMWARE, | ) | REDACTED - PUBLIC VERSION |
| INC. and T-MOBILE USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**LETTER TO THE HONORABLE GREGORY M. SLEET
REQUESTING PERMISSION TO MOVE FOR SUMMARY JUDGMENT**

                                                                                                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Josh A. Krevitt
R. Scott Roe
Karen Grus
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166
(212) 351-4000

Originally Filed:  June 29, 2012
Redacted Version Filed:  July 2, 2012

# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith II
302 351 9205
302 498 6209 Fax
rsmith@mnat.com

June 29, 2012

REDACTED - PUBLIC VERSION

The Honorable Gregory M. Sleet  *BY ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *Starhome GmbH v. AT&T Mobility et al.*, C.A. No. 10-434 (GMS)

Dear Chief Judge Sleet:

      Pursuant to the Scheduling Order ¶ 8, defendants AT&T Mobility LLC ("ATTM"), Roamware, Inc. ("Roamware") and T-Mobile USA, Inc. ("T-Mobile") (collectively "Defendants") submit this letter requesting permission to move for summary judgment of non-infringement of all asserted claims of U.S. Patent No. 6,920,487 ("the '487 patent") and U.S. Patent No. 7,231,431 ("the '431 patent") (collectively, "the patents-in-suit") based on the Court's construction of "intelligent gateway."

## DEFENDANTS DO NOT INFRINGE ANY CLAIM BECAUSE THEY DO NOT HAVE AN "INTELLIGENT GATEWAY"

      The term "intelligent gateway" is a limitation of every asserted claim of the patents-in-suit. The parties do not dispute the facts concerning the implementation, operation, or architecture of the accused Roamware solution as it relates to Plaintiff's "intelligent gateway" limitation. Rather, the sole dispute revolves around an *application* of the Court's claim construction to the undisputed facts. It involves an effort by Plaintiff to reinterpret the Court's construction and recast what qualifies as an "intelligent gateway," notwithstanding its own expert's admission that the accused solution does not include a gateway as one would "typically" associate that term "used in data communications."[1] In short, it presents an issue of pure law that can be adjudicated on summary judgment. Plaintiff agrees, in its June 29, 2012 letter to the

---

[1] Deposition of Lance J. McNally (Ex. A) at 160:16-23.

The Honorable Gregory M. Sleet
June 29, 2012
Page 2

Court, that this is a question of law. Because an "intelligent gateway" is a limitation of every asserted claim, resolution of this issue in favor of Defendants would be case dispositive.

### A.  Claim Construction of "Intelligent Gateway"

During claim construction, both sides acknowledged the importance of construing the term "intelligent gateway." Defendants focused on this phrase in their briefing, noting that their proposed construction was outcome determinative. Plaintiff identified this phrase as among the most important for oral argument, and the parties discussed it at great length during the *Markman* hearing.

Defendants argued that the term *gateway* was a well-known technical term of art in telecommunications and that the term "intelligent gateway" should be construed in accordance with that established meaning: *i.e.*, a network element that serves as a transfer point between two networks. To distinguish the "intelligent gateway" from the other intelligent network components described in the patent and known in the art, Defendants proposed that the term should be construed as "a network element that transfers information to and from a mobile network and another network external to the mobile network."

In contrast, Plaintiff attempted to read the concept of a *gateway* out of the phrase altogether, arguing that "intelligent gateway" only requires a network element that transfers information *within* a mobile network. Specifically, Plaintiff argued:

> The Defendants, however, ask this Court to limit the term "intelligent gateway" by also requiring that it transfer information to and from "another network external to the mobile network." The Defendants are wrong. There is nothing in the claims, the specification, or file history which warrants reading-in an additional requirement that an "intelligent gateway" ***be connected to a second network "external to the mobile network."***[2]

Moreover, Plaintiff argued – in contrast to Defendants' proposed construction – that "nothing in the definition of the term 'gateway' [] mandates that the intelligent gateway must also ***transfer information*** to and from another network external to the mobile network."[3]

The Court adopted Defendants' proposed construction of "intelligent gateway," construing it in accordance with the established industry definition of a gateway: "a network element that transfers information to and from a mobile network and another network external to

---

[2]  Starhome Answering Claim Construction Brief, D.I. 84 at 1-2 (emphasis added).

[3]  *Id.* at 5 (emphasis added).

the mobile network."[4] Notwithstanding this straightforward ruling, Plaintiff now proceeds with its infringement allegations as if the Court's construction never happened – continuing to read the established meaning of a *gateway* out of the asserted claims.

### B. No Infringement of "Intelligent Gateway"

Despite the Court's rejection of Plaintiff's proposed construction and its arguments made during claim construction, Plaintiff continues to allege that the accused Roamware platform includes an "intelligent gateway" – even though it is neither connected to a second network external to the mobile network, nor does it transfer information to and from another network external to the mobile network.



---

[4] *See* D.I. 124 at 1 & n.1 ("Defendants assert that the term 'gateway' was a well-known technical term of art in the telecommunications industry when the application for the asserted patents was filed. Therefore, the defendants argue, the term should be construed according to its established meaning at the time, unless the applicants clearly redefined the term. The court agrees.").

[5] Expert Report of Lance J. McNally, 5/03/12, ¶ 48 (citations omitted) (emphasis added) (Ex. B).

Cutting through the verbiage, Plaintiff's revised infringement theory is that the Roamware platform "enables" another network element – the MSC – to transfer information between the mobile network and another network external to the mobile network. But actually transferring information and *enabling a different network element* (the MSC) *to transfer information* are two entirely different things. When questioned about this difference at his deposition, Plaintiff's expert on the issue of infringement, Lance McNally, conceded that the Roamware platform would not fall within the industry standard definition of a gateway. Nonetheless, he tried to get around the distinction above by characterizing the Roamware platform as an "atypical" gateway:

> Q. Is your understanding of a gateway between two networks an element that transfers information between those two networks?
>
> A. Yes.
>
> Q. And is it your understanding that a gateway between two networks that transfers information between those two networks can do so indirectly?
>
> A. In a – it's -- typical -- no.
>
> Q. Is it your opinion that a gateway between two networks that transfers information between those two networks must do so directly?
>
> A. Typically, yes.
>
> Q. That's the function of a gateway?
>
> A. Typically, yes.
>
> * * *
>
> Q. I think you also mentioned earlier that the Roamware SCP [the accused Roamware platform] is not a typical gateway, right?
>
> A. Correct.
>
> Q. It's an atypical gateway?
>
> A. Correct.



---

[6] McNally Depo. (Ex. A) at 159:11-25, 170:25-171:9; *see also id.* at 160:16-23 ███████

███████████████████████████████████

███████████").

Nevertheless, when asked whether he could identify a real-world example of a gateway that is "atypical," Mr. McNally was unable to name a single, actual example during the entirety of his deposition, saying simply, "One doesn't come to mind."[7]

█████████████████████████████████████ The accused Roamware platform is neither a gateway – according to the established meaning of a gateway – nor is it an "intelligent gateway" as that term was construed by the Court.

In sum, Plaintiff's original infringement case was based on its proposed claim construction, which was rejected by the Court, and its current infringement case rests on a distortion of the plain meaning of "intelligent gateway" and the Court's construction of that phrase. Because this is purely a legal issue, Defendants respectfully request leave to file a motion for summary judgment on this discrete point.[9]

Respectfully,

Rodger D. Smith II (#3778)

cc: Counsel of Record (Via Electronic Filing)

---

[7]  McNally Depo. (Ex. A) at 171:10-19; 231:14-232:9.

[8]  Expert Report of Anthony Acampora in Response to the Expert Report of L. McNally Regarding the Issue of Infringement of U.S. Patent No. 6,920,487, 5/31/12, p. 19 (Ex. C).

[9]  Plaintiff has presented no evidence that Defendants infringe any limitation of any asserted claim under the doctrine of equivalents. Indeed, Plaintiff's infringement expert conceded that he "did not make any positions with regards to infringement under the doctrine of equivalents" in his report and he has no present intention of supplementing his report to include a doctrine of equivalents analysis. See McNally Depo. at 96:11-99:24. Because Plaintiff has not identified any evidence or analysis regarding infringement under the doctrine of equivalents – and does not intend to do so – summary judgment of no infringement under the doctrine of equivalents also is appropriate. See PC Connector Solutions LLC v. SmartDisk Corp., 406 F.3d 1359, 1364 (Fed. Cir. 2005).