## MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH II
302 351 9205
302 498 6209 FAX
rsmith@mnat.com

July 9, 2012

REDACTED - PUBLIC VERSION - FILED July 13, 2012

The Honorable Gregory M. Sleet                    *BY ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE  19801

    Re: *Starhome GmbH v. AT&T Mobility et al.*, C.A. No. 10-434 (GMS)

Dear Chief Judge Sleet:

  This letter responds to Plaintiff Starhome GmbH's June 29, 2012 letter requesting leave to file a motion for partial summary judgment of infringement of certain claims of U.S. Patent No. 6,920,487. Unlike Defendants' proposed motion, Starhome's proposed motion is not case dispositive because it addresses the alleged infringement of only a subset of claims against a subset of defendants (AT&T and T-Mobile) and does not address the issue of validity.[1]

  Starhome's request is fatally flawed and should be denied. If anything, it confirms the propriety of *Defendants'* proposed summary judgment motion, demonstrating that there is no factual dispute as to the issues raised in Defendants' June 29, 2012 letter. By contrast, Starhome's letter attempts to reargue claim interpretations that it lost during claim construction, and fails to address genuine issues of material fact that remain even if Starhome's erroneous reinterpretations were actually adopted. Because Starhome's request is based on a misreading of the claim language, including the Court's claim construction, and because it glosses over material factual disputes, it should be denied.

### I. THE ACCUSED SOLUTIONS DO NOT TRANSFER INFORMATION TO AND FROM A MOBILE NETWORK AND ANOTHER NETWORK EXTERNAL TO THE MOBILE NETWORK

---

[1]  Starhome also alleges infringement by Defendant Roamware, Inc. of claims 10, 11, 13, 16, and 35-40 of the '487 patent, but this is not included in Starhome's proposed motion.

The Honorable Gregory M. Sleet
July 9, 2012
Page 2

### A. The Court Has Already Construed "Intelligent Gateway"

After extensive briefing and oral argument on the issue, the Court construed the term "intelligent gateway" to mean:

> a network element that transfers information to and from a mobile network and another network external to the mobile network.

As discussed in Defendants' June 29, 2012 letter seeking permission to file a motion for summary judgment of no infringement of all asserted claims, the key fact that remains undisputed is that the accused Roamware platform *does not transfer information to and from* a mobile network and another network external to the mobile network.[2] As a consequence, unlike Starhome's proposed motion for partial summary judgment, Defendants' proposed motion for summary judgment can be resolved based on a single question of law: whether the claimed "intelligent gateway" must transfer information to and from a mobile network and another network external to the mobile network. Defendants submit that the Court's construction requires this. Starhome continues to argue, by contrast, that the intelligent gateway can merely "enable" the transfer of information by a different network element ▮▮▮▮▮ rather than transfer the information itself. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Starhome's position that *transferring* information and *enabling* the transfer of information are synonymous is wrong as a matter of law.

### B. Starhome's Strained Efforts To Reinterpret "Intelligent Gateway" Should Be Rejected

Starhome's June 29 letter raises several claim interpretation issues with respect to the "intelligent gateway" limitation, and in the process of doing so, mischaracterizes Defendants' non-infringement positions, calling them "made-up limitations." There is nothing "made up" about Defendants' straightforward application of the Court's claim construction to the accused products. Indeed, Starhome explicitly acknowledged several of these limitations to Defendants' proposed construction – which the Court adopted – during claim construction. Starhome's proposed partial summary judgment motion is nothing more than an attempt to reargue the claim construction issues that it already lost.

First, the Court's construction of intelligent gateway requires that the "network element" transfer information both "to and from" a mobile network and another network external to the mobile network. Starhome explicitly recognized this fact during claim construction, arguing as follows: "The Defendants, however, ask this Court to limit the term 'intelligent gateway' by also

---

[2] See DEFENDANTS' June 29, 2012 letter (D.I. 145) at 5.
[3] See STARHOME'S June 29, 2012 letter (D.I. 144) at 4.

The Honorable Gregory M. Sleet
July 9, 2012
Page 3

requiring that it transfer information **to and from** 'another network external to the mobile network.'"[4] Nevertheless, Starhome now disputes that the Court's construction requires the transfer of information "in both directions." (D.I. 144 at 5.)



For this reason alone, Starhome's proposed motion should fail.

Second, Defendants submit that the "intelligent gateway" must be *connected to* an external network in order for the intelligent gateway to transfer information "to and from" that external network. Defendants' position was, and is, based on the established industry definition of a gateway – which Starhome explicitly acknowledged during claim construction:

> The Defendants, however, ask this Court to limit the term "intelligent gateway" by also requiring that it transfer information to and from "another network external to the mobile network." The Defendants are wrong. There is nothing in the claims, the specification, or file history which warrants reading-in an additional requirement that an "intelligent gateway" be **connected to** a second network "external to the mobile network."[5]

Thus, Defendants' position is not "made-up": it is the position the Court adopted in its claim construction. Starhome lost the argument that the intelligent gateway does not need to be connected to the external network. To the extent Starhome now alleges that the accused Roamware platform does not need to be "connected to" a second network in order to infringe, Starhome offers no evidentiary support for its attempt to reinterpret this phrase.

Finally, Starhome argues that "Defendants assert that the Court's construction requires the intelligent gateway to be separate from the mobile network and the external network." (D.I. 144 at 4.) This argument distorts Defendants' position and is beside the point. Regardless of whether the intelligent gateway is "separate from" the mobile network and the external network, the critical fact that Defendants have continually emphasized is that the intelligent gateway must transfer information "to and from" those two networks, in accordance with the plain language of the Court's construction. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[6]

---

[4] Starhome ANSWERING Claim Construction Brief, D.I. 84, at 1-2 (emphasis added).

[5] Starhome ANSWERING Claim Construction Brief, D.I. 84, at 1-2 (emphasis added).

[6] *See* Acampora Report, p. 19; Acampora Depo., pp. 251:25–253:22 (Starhome June 29, 2012 Letter at Exhibit 4 & Exhibit 5, respectively).

The Honorable Gregory M. Sleet
July 9, 2012
Page 4

### C. Starhome Fails To Complete Its Infringement Analysis By Addressing Material Factual Issues

Ultimately, Starhome's request should be denied not only because it presents erroneous claim construction-type arguments, but also because it fails to address the factual issues that would remain even if its proposed constructions were actually adopted. For example, even if Starhome's reinterpretation of "to and from" were accepted and only one direction -- to or from -- were required, Starhome does not provide any evidence that the Roamware platforms in the AT&T and T-Mobile networks actually transfer any *information* in any direction. According to Starhome's expert, Lance McNally, "information" is limited to voice data from the mobile network. (McNally 7/03/2012 Depo., pp. 388:24–390:7 (rough transcript) (Ex. 1).) Starhome fails to allege, much less cite any supporting evidence, that the accused Roamware platform ever handles voice data, much less transfers it to an external network. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

Similarly, even if the Court were to adopt Starhome's argument that transferring information and *enabling* the transfer of information are the same thing, there remains a genuine factual dispute as to whether the Roamware platform actually "enables" the ████████ ████████████████████████████ to "transfer" information. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

In short, the only undisputed material fact with respect to the accused Roamware solutions in the AT&T and T-Mobile networks is that they do not transfer information to and from a mobile network and another network external to the mobile network. All other underlying factual issues remain unresolved. Defendants therefore respectfully ask the Court to deny Starhome's request to file a motion for partial summary judgment as to the "intelligent gateway" limitation.

### II. THE ACCUSED SOLUTIONS DO NOT OBTAIN INFORMATION FOR CALL COMPLETION USING KNOWLEDGE OF THE HOME NETWORK

With respect to claim 40, Starhome's interpretation of the phrase "said intelligent gateway being adapted to obtain information for said call completion using knowledge of said second cellular telephony network" is inconsistent with the plain meaning of the word "obtain." Specifically, Starhome argues that the accused platform "obtains" information by ████████ ████████████████████████████████. Defendants submit, by contrast, that the plain meaning of this word, as understood by a person of ordinary skill, requires that the intelligent gateway acquire information from another source.

Starhome's position does violence to the English language. Information is not "obtained" when ████████████████████████████████████████. Merriam-Webster

The Honorable Gregory M. Sleet
July 9, 2012
Page 5

defines obtain as "to gain or attain usually by planned action or effort."[7] Furthermore, Starhome's infringement and validity expert has repeatedly used the term "obtain" in a manner consistent with Defendants' position that "obtaining" requires the acquisition of information from a source external to the claimed intelligent gateway. In his rebuttal report on validity, for example, Starhome's expert states that U.S. Patent No. 5,845,211 ("Roach") discloses "customer profile information [that] may have to be *obtained* from the foreign roamer's system" and a central site controller ("CSC") that "may communicate with the MSC of the foreign system to *obtain* this information."[8] Indeed, Mr. McNally opines that "one of ordinary skill would likely conclude . . . that the CSC . . . must commnnicate with a roamer's home system to *obtain* a translation of a dialing sequence."[9] Whereas all of this usage is consistent with Defendants' conventional understanding of "obtain," Starhome does not provide any support for its novel interpretation of the term.

In addition, Starhome's contention that Defendants' position is "contrary to the invention described in the '487 patent," because the patent describes that "V-I/G 32 may translate the short code into a specific destination number according to information stored in database 31" is inapposite. Starhome's citation addresses only how information stored in the database is *used* – not how it is *obtained*. Rather, the patent states that the intelligent gateway first obtains the information stored in the database using knowledge of the home network *and then* uses that information for call completion.[10] In other words, Starhome conflates obtaining information with using information.

Nevertheless, even if Starhome's contentions were accurate, Starhome fails to address the parties' dispute as to whether the accused Roamware solution obtains any information "using knowledge of said second cellular telephony network," as required by claim 40.[11] Indeed, Starhome's letter is silent on this front. Defendants dispute that the accused platform obtains information "using knowledge of said second cellular telephony network." As such, Defendants submit that this issue is inappropriate for resolution on summary judgment.

For the reasons set forth above, Defendants respectfully request that Starhome's request to file a partial summary judgment motion of infringement be denied.

---

[7] Merriam-WEBSTER'S COLLEGIATE DICTIONARY 803 (10th ed. 1999) (Ex. 2).

[8] Rebuttal Expert Report of Lance J. McNally, 5/31/12, ¶ 15 (Ex. 3); *see also id.* at ¶¶ 18, 21 and 68; MCNALLY Depo., Ex. 1, pp. 356:7-359:11.

[9] Rebuttal EXPERT Report of Lance J. McNally, 5/31/12, ¶ 20 (Ex. 3).

[10] McNally Depo., Ex. 1, pp. 358:15-359:11.

[11] Acampora Report, p. 101 (Ex. 4).

The Honorable Gregory M. Sleet
July 9, 2012
Page 6

                          Respectfully,

                          */s/ Rodger D. Smith II*

                          Rodger D. Smith II (#3778)

cc:    Counsel of Record (Via Electronic Filing)